# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **K.P.**

**No. 17-0881** (Nicholas County 17-JA-7)

**FILED**

**March 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, S.C., by counsel, Sarah R. Campbell, appeals the Circuit Court of Nicholas County's September 6, 2017, order terminating his parental rights to K.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Amber R. Hinkle, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motions for an improvement period and finding that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in an amount of time that would not be harmful to the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 24, 2017, the DHHR filed a petition alleging that the infant, K.P., tested positive for methamphetamine at birth and that the mother tested positive for opiates. The petition alleged that petitioner's substance abuse issues impaired his parenting skills and posed an imminent risk to the child's health, safety, and welfare. Petitioner was also involved in a prior abuse and neglect case involving his two older children. Due to his drug abuse, petitioner voluntarily relinquished his parental rights to those two children in 2016. Petitioner waived his preliminary hearing. On March 2, 2017, the circuit court held an adjudicatory hearing wherein petitioner stipulated that his substance abuse issues impaired his ability to care for the child and petitioner was adjudicated as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, which the circuit court held in abeyance.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

On April 20, 2017, the circuit court held a dispositional hearing wherein petitioner's psychologist testified that petitioner was unlikely to be able to parent effectively due to his history of drug abuse. The psychologist did not believe there was a reasonable likelihood that petitioner could be prepared to safely have the child in his home within an eighteen-month period. The dispositional hearing was continued.

On May 3, 2017, the circuit court held a dispositional hearing wherein petitioner testified that he was successfully participating in drug treatment. Petitioner admitted to using drugs for nine years. He further admitted that he was granted an improvement period in a prior abuse and neglect case involving two of his older children and that he did not comply with the terms and conditions of that improvement period. When asked if he did anything to encourage the mother to get help for her drug abuse issues while she was pregnant with the child, petitioner responded, "[w]here I was always getting high, I was probably more encouraging the drug high." The circuit court continued the dispositional hearing to give petitioner an opportunity to obtain documentation from the drug treatment program. On June 21, 2017, the circuit court held a dispositional hearing at which the founder of the residential drug treatment program testified that petitioner had been in the program for about ninety-seven days, and was making significant progress in treatment, and served as a "peer mentor." He further testified that petitioner was five months away from completing the program. The circuit court continued the dispositional hearing for further evidence.

On July 25, 2017, the circuit court concluded the dispositional hearing and petitioner moved for a post-dispositional improvement period. Petitioner's evaluating psychiatrist testified that he received updated information from petitioner's treatment program and testified that he would change petitioner's prognosis for learning effective parenting from "extremely poor" to "very guarded to poor." Based upon the evidence presented, the circuit court found that due to the unlikelihood of petitioner successfully addressing the conditions and circumstances of abuse and neglect, and the long period of time it would take for said circumstances and conditions to be successfully addressed, it could be harmful to permit the infant, who is less than one year old, to establish a relationship with petitioner. Further, the circuit court found that it was in the best interests of the child to achieve permanency. Ultimately, the circuit court denied petitioner's motions for an improvement period and terminated petitioner's parental rights in its September 6, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[2]The mother's parental rights were also terminated below. According to the guardian and the DHHR, the child is placed in foster care with her siblings and the permanency plan for the child is adoption in that home.

2

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying him an improvement period throughout the proceedings, despite his progress in drug treatment, negative drug screens, and improved prognosis. We disagree. West Virginia Code § 49-4-610 provides that in order to be granted an improvement period, the parent must "demonstrate[ ], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." We have also held that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015).

Although petitioner and the founder of his treatment program testified that petitioner was, at the time of the dispositional hearing, successfully participating in his drug abuse treatment program and sober for approximately ninety-seven days, the evidence shows that petitioner has a long history of drug abuse and never sought treatment for the problem, despite the fact that this issue led to his voluntary relinquishment of his parental rights to two older children. Further, petitioner admitted at the dispositional hearing that he encouraged the mother to use drugs when she was pregnant with K.P. Petitioner also argues that because he participated in treatment and services, he would comply with terms of an improvement period if granted one. However, according to the psychologist, petitioner's prognosis for learning effective parenting was "very guarded to poor." The psychologist explained that petitioner would require months of additional treatment after his discharge from residential treatment and that the child would be harmed if the circuit court were to wait for the possibility of petitioner achieving rehabilitative success and obtaining effective parenting skills. Based on this evidence, petitioner did not meet the applicable burden to be granted an improvement period during these proceedings. Therefore, we find the circuit court did not abuse its discretion in denying petitioner's motions for an improvement period.

Next, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that he could correct the conditions of abuse and neglect in an amount of time that would not be harmful to the child.[3] We disagree.

---

[3]Petitioner also argues that if he had been granted an improvement period and an extension of the improvement period, he could complete the improvement period and extension thereof and be five months clean and in a suitable home, employed, while still within the time limits of West Virginia Code § 49-4-610(9). However, this argument is purely speculative and we find it unnecessary to address, as petitioner was not granted an improvement period.

West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected in the near future exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

We have held that

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

As discussed above, petitioner had a history of substance abuse which led to the voluntary relinquishment of two of his older children. He continued to abuse drugs and encouraged the mother to abuse drugs throughout her pregnancy with K.P. At the time of the dispositional hearing, petitioner was five months away from completing his treatment program and required several months of treatment after his predicted completion of the program. According to the psychologist, petitioner's prognosis for improvement was "very guarded to poor." Due to his poor prognosis of improvement, the circuit court found it necessary to establish permanency for the child in a foster home with her siblings, rather than delay disposition of the proceedings to wait for petitioner's possible rehabilitative success. Petitioner also argues that his case is similar to *In re C.M.,* 235 W.Va. 16, 770 S.E.2d 516 (2015), wherein this Court held that the circuit court's finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future, was clearly erroneous because the record established that the parent completed multiple treatment programs, obtained housing and employment, enrolled in college, and participated in successful visitations with her children. In the case at hand, the record does contain evidence to demonstrate that there is no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, as discussed.

We have held that, "[i]n making the final disposition in a child abuse and neglect proceeding . . . [t]he controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Here, the circuit court found that due to the unlikelihood of petitioner to succeed in treatment and to address the issues of abuse and neglect, termination of petitioner's parental rights was in the child's best interests and we agree. Therefore, we find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 6, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  March 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker